Hatch, J.
The original action between the parties was brought to foreclose a mortgage. See 5 N. Y. State-Rep., 830. Subsequent to its commencement the foreclosure of a prior mortgage was had, which resulted in a judgment, and sale of the premises producing a surplus, applicable to, and which was applied upon the junior mortgage. This exhausted the mortgage. After applying the surplus upon the mortgage, there was still left a sum due; thereupon plaintiff applied to the court for leave to serve a supplemental complaint setting up the changed circumstances; this was granted, and such supplemental complaint was served. It demanded judgment against certain defendants for the amount remaining due and unpaid, after applying certain sums therein mentioned, but made no demand for a personal judgment against the defendant, Mary A. Pooley. In the action, as originally commenced, Mary A. Pooley was made a party defendant, solely for the purpose of cutting off her right of dower, as the wife of William Pooley; but she appeared and answered by a denial of each and every allegation contained in the amended complaint, and also, averred payment of the causes of action therein alleged. This answer still stands. To the supplemental complaint she demurred, but was beaten; thereupon she answered by a denial of any knowledge or information sufficient to form a belief, as to any of the allegations therein contained.
Second. That the supplemental complaint states no cause of action against her, nor demands any judgment against her. And third, that; she was a stranger to the cause of action alleged in the supplemental complaint, demands judgment dismissing the supplemental complaint as to her with costs. Upon demurrer the court held that all of the pleadings constituted the record, and the whole were to be read together in deterinming what the present issue is. Upon the question of payment raised by the answer this court has already held that the determination in the surplus money proceedings was res adjudicata as to all matters existing at *109 the time of pronouncing judgment. McRoberts v. Pooley, 5 N. Y. State Rep., 830.
Upon the present trial I am satisfied that no facts have been shown subsequent to the judgment which warrant charging upon plaintiff the amount of the Lycoming insurance policy. Thus it appears that the plaintiff has succeeded upon the issues raised and litigated. It is something of an anomaly, therefore, if he is to be charged with costs in favor of the unsucessful litigant. The claim of the defendant, Mary A. Pooley, is that no judgment can pass against her, for the reason that upon the trial no existing cause of action is proved against her, and she in consequence becomes absolutely entitled to a judgment dismissing the complaint, as to her, with costs. For this ruling the defendant relies upon the opinion of Smith, Oh. J., pronounced upon the demurrer at general term and concurred in by the other members of the court. See 1 N. Y. State Rep., 725. To place this construction upon the opinion requires me to hold that the character of the action is entirely changed from an equitable action to one at law. The claim of the defendant goes to this extent. There can be, and is no question, but that under the action as originally commenced, and also under the amended complaint, the defendant was not only a proper but a necessary party to the action, as the wife of William Pooley, one of the owners of the real property sought to be foreclosed. The .amended complaint in that action not only demanded a judgment of foreclosure and sale, but also demanded a personal judgment for any deficiency which might arise after the sale against the same defendants it now seeks to make liable. So that if the foreclosure had proceeded, and a deficiency had arisen, the plaintiff would have become entitled to the same judgment he is now seeking to obtain. No claim could then have arisen but that this defendant was a proper party to a final judgment. I think in disposing of this question that we must assume the sum for which the premises sold was the same amount as would have been obtained upon a sale in this action. By the service of the supplemental complaint then does the action become one purely of law? I think not. The judgment asked for is the judgment which would have been obtained.
The changed conditions rendered necessary the additional pleading, showing, together with the original and amended pleading, that plaintiff could not have a foreclosure of bis mortgage as that was exhausted, but that he could have, and that he was entitled to, a personal judgment for the deficiency. That it still remained, and was so treated by the general term as an equitable action, is apparent from the opinion of the chief judge where he says: “When she *110 comes to trial she may stand on her original answer, and if then the plaintiff proves no cause of action against her, she will have judgment dismissing his complaints, both the former and supplemental one as to her, and with or without costs, as equity shall require.” Thus conclusively showing that the court still regarded it as an equitable action. Currie v Cowles, 9 Bosw., Rep., 644.
It is claimed that no cause of action was proven against her. The plaintiff showed that she was still the wife of William Pooley; that was the only reason why she was ever made a party. All of the pleadings clearly show that she was never personally liable upon any of the instruments-sued upon, and consequently in that sense there never was-disclosed by the pleadings any existing cause of action against her, but in the sense that she was a necessary party to the record, and no motion having been made to strike her from the record or application made for leave to withdraw her answer for reasons already assigned, she could be continued to the end, no personal judgment, however,
Íiassing against her. The general term, in its opinion upon he demurrer, say: “When she comes to trial she may stand on her original answer.” This necessarily assumes that she still had standing in the action to litigate the issues raised by her original answer. It is somewhat difficult to see what interest she had, as disclosed by the pleadings, after the mortgage had been exhausted.
Being bound by the decision of the general term, and applying its rule, I do not well see how the plaintiff could prevent continuing her as a party. No trial of this action has before been had. The court held that all of the pleadings were still alive upon the record, none superseded by the other, except by the additional allegations. The defendant’s answer still stood; still denying the plaintiff’s-cause of action; still alleging that plaintiff had been paid, and satisfied. Under such an issue, assuming she had standing to litigate, she could not be stricken out as a. party, nor could she be prevented from litigating. She became by her answer a very necessary party as it set up matter of defense, which went to plaintiff’s whole cause of action. As before noticed on the decision of the demurrer, the court advised the defendant that: “If the allegations-of the supplemental complaint, are true, she must admit them. If are false she can deny them.”
Following this advice she answered by denying the aliefations of the supplemental pleading. Under the rule laid own, I do not see how her standing was changed. She was still a party, putting in issue the right of the plaintiff, to recover by her last answer. The plaintiff made no objection to her right so to answer and her standing to liti *111 gate. By consent then, if not by strict legal right have the issues raised been litigated, and plaintiff has succeeded in establishing his claim. If we treat this as purely a legal action, under well-settled rules, the defendant would not be entitled to the judgment asked. The law is not unreasonable, and I have yet to learn that a failure to prove a defense entitles the unsuccessful litigant to a dismissal of the complaint with costs. -It not having lost its equitable character, I do not think that equity would be done by allowing costs to the defendant.
The plaintiff should have judgment for the amount of the proved deficiency against all the defendants with costs, except the defendant, Mary A. Pooley, against whom no-personal judgment is to be entered for the amount of the deficiency, or costs.